UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO AGUSTIN RAMOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  2:26-cv-00999-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On March 20, 2026, petitioner Lorenzo Agustin Ramos filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that he entered the United States in or around 2010, and on January 27, 2026, he was detained by immigration authorities without any warning, paperwork, or legitimate reason.  (*Id.* at 5–6.)  Petitioner seeks release and the award of attorney's fees.  (*Id.* at 10–11.)  Also on March 20, 2026, petitioner filed a motion for temporary restraining order, and that same day the court set a briefing schedule on the motion and directed respondent to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10,

1

2026) or *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026)." (Doc. Nos. 2, 4.)

On March 23, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 6.) Therein, respondent concedes that "the factual and legal issues present here are not substantively distinguishable from" *Quichimbo-Jimenez* or *Cardenas*. (*Id.* at 2.) "Respondent also submits [the opposition] brief as a response to the habeas petition itself and does not oppose the Court resolving the merits of the petition." (*Id.* at 1.)

Accordingly, pursuant to the reasoning as stated in *Quichimbo-Jimenez* and *Cardenas*, the court will grant the pending petition for writ of habeas corpus in part.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

    c. Petitioner's request for costs and reasonable expenses is DENIED without prejudice to bringing a properly noticed and supported motion;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting petitioner the requested federal habeas relief on the merits; and

/////

/////

/////

2

2.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 24, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE